**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KAREN CARTER and ARTHUR PODROYKIN,<br><br>Plaintiffs,<br><br>v.<br><br>MYHERITAGE (USA) INC. and MYHERITAGE LTD CORPORATION,<br><br>Defendants. | Case No.: 1:25-cv-224 (JHL)<br><br>Judge: Hon. Joan H. Lefkow<br><br>Complaint Filed: January 8, 2025 |

**DECLARATION OF GILAD JAPHET**

I, Gilad Japhet, hereby declare pursuant to 28 U.S.C. § 1746 that:

1. I am the founder and Chief Executive Officer of Defendant MyHeritage Ltd.[1] ("MyHeritage Ltd."), which is the parent entity of Defendant MyHeritage (USA) Inc. ("MyHeritage (USA)"). I respectfully make this declaration in support of Defendants' Motion to Compel Arbitration and to Dismiss the Amended Consolidated Class Action Complaint ("ACAC"). I make this declaration from personal, firsthand knowledge, and my familiarity with relevant corporate records. If called and sworn as a witness, I could and would testify competently thereto.

[1] Plaintiffs have named "MyHeritage Ltd Corporation" as a defendant in this latest complaint. That entity's name, however, is "MyHeritage Ltd."

**Defendant MyHeritage Ltd.**

2. I founded MyHeritage Ltd. in 2003. As part of my job responsibilities, I am familiar with MyHeritage Ltd.'s operations and record keeping, and I have reviewed MyHeritage Ltd.'s business records and other documents that provide the basis for my statements.

3. MyHeritage Ltd. is an Israeli limited company with its headquarters and principal place of business in Or Yehuda, Israel. MyHeritage Ltd. owns and operates the publicly accessible website MyHeritage.com.

4. MyHeritage Ltd. controls the content and function of MyHeritage.com. Decisions about the content and function of MyHeritage.com are made by MyHeritage Ltd. employees located in Israel. MyHeritage (USA) Inc. has no control over MyHeritage.com's content or function.

5. MyHeritage Ltd. does not have any physical office presence in Illinois. MyHeritage Ltd. does not own, lease, or rent any property in Illinois. MyHeritage Ltd. has no Illinois-based employees, officers, or directors. MyHeritage Ltd. does not hold any Illinois-based bank accounts. MyHeritage Ltd. does not have a registered agent in Illinois. MyHeritage Ltd. does not specifically target Illinois consumers with advertising or marketing campaigns.

**Defendant MyHeritage (USA) Inc.**

6. MyHeritage (USA) Inc. is a Delaware corporation that is headquartered in the State of Utah. MyHeritage (USA) Inc. operates a different, publicly accessible website, Geni.com. It does not own or operate MyHeritage.com. As part of my job responsibilities, I am familiar with MyHeritage (USA) Inc.'s operations and record keeping, and I have reviewed MyHeritage (USA) Inc.'s business records and other documents that provide the basis for my statements.

7. MyHeritage (USA) Inc. does not have any physical office presence in Illinois. MyHeritage (USA) Inc. does not own, lease, or rent any property in Illinois. MyHeritage (USA) Inc. has no Illinois-based employees, officers, or directors. MyHeritage (USA) Inc. does not hold any Illinois-based bank accounts. MyHeritage (USA) Inc. does not have a registered agent in Illinois. MyHeritage (USA) Inc. does not specifically target Illinois consumers with advertising or marketing campaigns.

**Plaintiffs' Use of MyHeritage.com**

8. To use MyHeritage.com, individuals must sign up and create a MyHeritage.com account.

9. To create a MyHeritage.com account, individuals must first acknowledge MyHeritage.com's Terms and Conditions ("T&C"). When Plaintiff Karen Cater created her MyHeritage.com account, she was shown a message indicating that by signing up to MyHeritage.com, she assented to the T&C. A true and correct copy of the sign-up screen Plaintiff Cater would have viewed when creating her account is attached to this Declaration as **Exhibit A**.

10. No records exist of Plaintiff Cater purchasing a genetic test kit from MyHeritage.com in November 2023, as she alleges, or at any other time. Rather, Plaintiff Cater uploaded her DNA data file from a genetic test kit that she had purchased from another company to MyHeritage.com on October 3, 2021, the same day she signed up to MyHeritage. She received the MyHeritage results for the uploaded DNA data on October 4, 2021.

11. MyHeritage Ltd. records indicate Plaintiff Cater's billing address is located in the State of Wisconsin. Plaintiff Cater entered her billing address on October 3, 2021, when she subscribed to MyHeritage.com's genealogical services.

12. MyHeritage Ltd. records indicate that Plaintiff Arthur Podroykin purchased a DNA kit from MyHeritage on April 20, 2020, the same day he signed up to MyHeritage.com. Plaintiff Podroykin apparently did not receive the first kit that MyHeritage Ltd. shipped, so MyHeritage Ltd. sent Plaintiff Podroykin a replacement DNA kit in August 2020; his results were made available on September 12, 2020.

13. When Plaintiff Arthur Podroykin created his MyHeritage.com account, he was shown a message indicating that by signing up for a MyHeritage.com, he assented to the T&C. The sign-up screen Plaintiff Podroykin would have viewed when creating his account is identical to the screen that would have been viewed by Plaintiff Cater. *See generally* Ex. A.

14. When Plaintiffs Podroykin and Cater created their accounts, the operative terms and conditions ("2019 T&C") expressly permitted MyHeritage Ltd. to modify the T&C at any time. The 2019 T&C also contained a mandatory Tel Aviv, Israel forum-selection clause. A true and correct copy of the 2019 T&C is attached to this Declaration as **Exhibit B**.

15. Between 2019 and June 2024, the T&C were periodically subject to small amendments. None of these modifications concerned issues being raised in the Motion.

16. In June 2024, MyHeritage Ltd. updated the T&C ("2024 T&C"). A true and correct copy of the 2024 T&C is attached to this Declaration as **Exhibit C**.

17. The 2024 T&C contains an arbitration provision and a Delaware forum-selection clause.

18. New users can opt out of the arbitration provision via email or letter within 30 days of creating their accounts. Existing users were given 30 days from the effective date of the arbitration provision to opt out via email or letter.

19. When MyHeritage Ltd. introduced the 2024 T&C, MyHeritage.com prominently displayed an "Updated" banner regarding the new T&C, advising users of the new T&C.

20. Contrary to Plaintiff Cater's assertion that she stopped using the Website in November 2023 (ACAC ¶ 25), MyHeritage Ltd.'s records show she accessed the Website on at least nine occasions after November 2023, including on each of the following dates: September 29, 2024, October 8, 2024, November 16, 2024, December 14, 2024, December 15, 2024, December 17, 2024, March 2, 2025, March 27, 2025, and April 11, 2025. MyHeritage Ltd.'s records show Plaintiff Podroykin accessed the Website on November 25, 2024, December 10, 2024, January 7, 2025, January 8, 2025, and January 9, 2025. Therefore, both Plaintiff Cater and Plaintiff Podroykin continued using MyHeritage.com more than 30 days subsequent to the effective date of the arbitration provision. Neither opted out of the arbitration provision.

21. Although users of MyHeritage.com can use DNA testing kits obtained from other sources, testing kits obtained from MyHeritage.com work are based on a cheek swab, rather than a saliva sample.

22. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 16, 2025, at Bnei Atarot, Israel.

/s/
Gilad Japhet
Founder and CEO, MyHeritage Ltd